UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CRIMINAL ACTION NO. 2:05-cr-79-DLB
(Related Civil Action No. 2:13-cv-7313-DLB)

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

V.         **MAGISTRATE JUDGE'S REPORT
             & RECOMMENDATION**

MARK LASHINSKY,                                                               DEFENDANT.

*** *** *** ***

This matter is before the undersigned on Defendant Mark Lashinsky's *pro se* Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255. [R. 169]. Consistent with local practice, this matter has been referred for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Having been fully briefed, and for the reasons discussed below, it is recommended that the Defendant's Motion to Vacate, Set Aside or Correct his Sentence be denied.

I.    FACTUAL AND PROCEDURAL BACKGROUND

The indictment of Mark Lashinsky ("Lashinsky") arose out of an initial investigation of Bryan Marsh ("Marsh"). [R. 122 at 115-116]. During their investigation, agents observed Lashinsky and Marsh meeting on multiple occasions and at various places, including Lashinsky's home. Id. At Marsh's trial, Marsh testified that he was involved in the distribution of marijuana with Lashinsky. [R. 123 at 66-70]. Marsh testified that the pair had an agreement where Lashinsky would pick up packages of marijuana from a location in Ohio and deliver them

1

to various locations. Id. This arrangement lasted from the end of 2004 into 2005. Id. Each pickup was supplied by someone Marsh identified as "Zay" and the amounts of marijuana ranged from five to forty pounds. Id. Aside from deliveries and pursuant to their agreement, Lashinsky was also involved in the sale of marijuana. [R. 123 at 73-77].

During a scheduled delivery, Marsh contacted police and informed them that Lashinsky, among others, was moving large amounts of marijuana to an apartment in Ft. Thomas, Kentucky. [R. 123 at 89-97]. Officers obtained and executed a search warrant on the apartment on September 27, 2005, and found three large containers, weighing approximately ten pounds each, filled with marijuana. [R. 123 at 144-150; 156-164]. Following Lashinsky's arrest, officers obtained and executed a search warrant for Lashinsky's residence. [R. 123 at 176-185]. Officers located $1,430 in hidden currency, and a handgun. [R. 123 at 61-65].

On June 14, 2007, Lashinsky was found guilty of conspiracy to distribute marijuana, possession with intent to distribute marijuana and aiding and abetting, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and 18 U.S.C. § 2. [R. 114]. He was sentenced to 360 months on each count, to run concurrently, with eight years of supervised release to follow. Id. On appeal, the Sixth Circuit remanded Lashinsky's case for resentencing, and on February 24, 2011 Lashinsky's sentence was reduced to 312 months on Count 1 and 2, and ordered to run concurrently. [R. 131, 149].

On October 2, 2013, Lashinsky filed the instant motion seeking to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. [R. 169]. In his motion, Lashinsky sets out five[1] grounds for relief from his conviction, which include: (1) that he was improperly categorized as a

---

[1] Lashinsky also raises an argument in his petition that the Supreme Court holdings in Blakely v. Washington, 124 S. Ct. 2531 (2004), United States v. Booker, 125 S. Ct. 738 (2005), and Almendarez-Torres v. United States, 118 S. Ct. 1219 (1998), effectively render his sentence unconstitutional. It is important to note that Lashinsky does not make a cohesive argument aside from a minimal citation to the above named cases and that these holdings alone do not comprise a cognizable argument.

2

career offender under U.S.S.G. 4B1.1; (2) that his Sixth Amendment right to effective counsel was violated when counsel failed to file the correct motions during his criminal proceedings and appeal; (3) the district judge committed plain error during sentencing by treating his guideline range as mandatory and not advisory; (4) the district judge improperly admitted evidence of flight and of his prior conviction at trial; and (5) that his sentence is procedurally unreasonable because the sentencing judge failed to consider his post-sentencing rehabilitation efforts. [R. 169]. The Court will now address each of these grounds in the order in which they were presented.

## II. STANDARD OF REVIEW

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail, "a petitioner must demonstrate a constitutional error which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005).

  a. The issue of Lashinsky's status as a career offender was not required to be submitted to a jury.

Lashinsky claims that his status as a career offender constitutes an "element of a crime" under Alleyne v. United States, 133 S. Ct. 2151 (2013), and therefore needed to be determined by a jury. [R. 169-1 at 15]. This argument is misguided. In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held that, "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the proscribed statutory maximum must be

3

submitted to a jury, and proved beyond a reasonable doubt." (emphasis added); *see also* Jones v. United States, 526 U.S. 227, 243 n.6 (1991). The Supreme Court in Alleyne then clarified the rule announced in Apprendi and held that, "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013). It is important to note that the holding in Alleyne did not overrule Apprendi. Rather, the Supreme Court in Alleyne held that, "our ruling today does not mean that any fact that influences judicial discretion must be found by a jury." Id. at 2163. It is still well-settled that the existence of prior convictions and their effect on a defendant's sentence are matters to be determined by the district court. United States v. Cleaves, 299 F.3d 564, 569 (6th Cir. 2002); *See also* United States v. Gatewood, 230 F.3d 186 (6th Cir. 2000)(en banc); United States v. Aparco-Centeno, 280 F.3d 1084, 1089-1090 (6th Cir. 2002).

In Alleyne, the petitioner and an accomplice devised a plan to rob a store manager as he drove the store's daily deposits to a local bank. Alleyne, 133 S. Ct. at 2155. The petitioner and his accomplice feigned car trouble and tricked the manager into stopping his vehicle. Id. Once stopped, the pair approached the manager with a gun and demanded the store's deposits, which the manager surrendered. Id. The petitioner was later charged with multiple federal offenses, including robbery and using a firearm in relation to a crime of violence. Id. The jury convicted the petitioner and indicated on the verdict form that he had "used or carried a firearm during and in relation to a crime of violence," but did not indicate a finding that the firearm was "brandished." Id. at 2156. Under Section 924(c)(1)(A), a finding that someone "brandished" a firearm rather than just "use[d] or carrie[d] a firearm," increased the statutory minimum from five to seven years. Id. at 2155-2156. Therefore, the Supreme Court did not base its findings in Alleyne upon prior convictions, but rather whether an "element" of a crime was properly

4

submitted to a jury. These findings are not meant to disrupt the well-established law that prior convictions do not require submission to a jury or charged in the indictment. <u>Cleaves</u>, 299 F.3d at 570.

In his petition for relief, Lashinsky argues that he was incorrectly advised by his attorney, the prosecutor, and the judge that his career offender enhancement did not need to be submitted to a jury. [R. 169-1 at 15]. To support this ground, Lashinsky used the holding in <u>Alleyne v. United States</u>, 133 S. Ct. 2151, 2155 (2013), to justify his position that any fact that, by law, "increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." <u>Id.</u> This argument is without merit, as the holding in <u>Alleyne</u> neither addressed nor overruled the well-established law governing the judicial notice of prior convictions. The governing <u>Apprendi</u> rule does not require that prior convictions be proven by the jury or charged in the indictment. <u>Cleaves</u>, 299 F.3d at 564. Therefore, Lashinsky was properly categorized as a career offender based on his prior criminal history and no relief may be gained under this ground.

  b. <u>Lashinsky was afforded effective assistance of counsel under the Sixth Amendment.</u>

To prevail on a claim of ineffective assistance of counsel, a defendant must establish two elements: 1) counsel's performance was deficient; and 2) the deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). With respect to the first element, the proper measure of attorney performance is simply reasonableness under prevailing professional norms. <u>Id.</u> at 688. The Court's analysis is "highly deferential" and "indulges in a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." <u>Id.</u> at 698. Deficient performance prejudices the defense when there is a "reasonable probability [that] the result of the proceeding would have been different. <u>Id.</u> "Defendants

5

alleging ineffective assistance of counsel bear a 'heavy burden of proof.'" Pough v. United States, 442 F.3d 959, 966 (6th Cir. 2006) (*citing* Whiting v. Burt, 395 F.3d 602, 617 (6th Cir. 2005)).

In his petition for habeas relief, Lashinsky alleges four grounds for ineffective assistance of counsel: (1) that counsel's performance was deficient when counsel failed to reach a plea agreement; (2) that counsel failed to properly investigate witnesses; (3) that counsel failed to properly file pre-trial motions; and (4) that counsel failed to raise a defense. [R. 169-1 at 23-27]. The Court will now address each claim in the order presented.

1) **Counsel was not ineffective during plea negotiations.**

It is well settled that the right to the effective assistance of counsel guarantees a defendant the right to have counsel present at all "critical" stages of the criminal proceedings. United States v. Wade, 388 U.S. 218, 227–228 (1967)). Critical stages include arraignments, postindictment interrogations, postindictment lineups, and the entry of a guilty plea. *See* Hamilton v. Alabama, 368 U.S. 52 (1961) (arraignment); Massiah v. United States, 377 U.S. 201 (1964) (postindictment interrogation); Wade, *supra* (postindictment lineup); Argersinger v. Hamlin, 407 U.S. 25 (1972) (guilty plea). The Supreme Court in Hill v. Lockhart, 474 U.S. 52, 57 (1985) established that claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in Strickland. As a general rule, defense counsel has the duty to communicate formal plea offers from the prosecution that may be favorable to the accused. Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012). When defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires. Id.

In his petition for relief, Lashinsky asserts that counsel was ineffective for failing to provide him with a plea agreement and has represented in his petition that he would have taken a

6

plea agreement because his advisory guideline sentencing range was very high. [R. 169-1 at 23]. This premise seems to directly conflict with the statements made by defense counsel. In his affidavit, defense counsel noted that Lashinsky never indicated a desire to plea and "would get very upset when counsel even mentioned pleading in this matter or when presented with a plea agreement." [R. 174-1 at 1]. Counsel has also stated that in a "last ditch effort" just prior to trial, defense counsel met with AUSA Bracke and Lashinsky at the jail where he informed Lashinsky that an offer had been extended if he wished to plead guilty and that Lashinsky refused to do so. Id. In addition, AUSA Bracke has corroborated counsel's statements regarding the plea agreement presented to Lashinsky at jail and his refusal to plead. The presentation and the continuing efforts of defense counsel to both prepare for trial and negotiate a plea satisfies the Sixth Amendment requirements of effective assistance of counsel.

This Court does not find that defense counsel's representation fell below the objective standards of reasonableness. Counsel has represented to this Court that Lashinsky was presented with multiple plea agreements and at no point did he express a desire to plead guilty. Counsel's statements have been further corroborated by AUSA Bracke. Therefore, the record does not support Lashinsky's accusations that defense counsel did not attempt to obtain a plea agreement. Counsel both obtained and presented a plea agreement to the defendant who chose to take his case to trial. This conduct does not trigger a Sixth Amendment claim for ineffective assistance of counsel and no relief may be found under this ground.

### 2) Counsel was not deficient for failing to interview witnesses.

Lashinsky claims that counsel was ineffective when he failed to interview witnesses that were necessary to refute the Government's accusations. [R. 169-1 at 24]. Specifically, Lashinsky asserts that counsel should have secured the testimony of Justin Hill and James Harris

before trial.  Lashinsky fails to delineate what Harris would have testified to, aside from generally asserting that he would "attack the credibility of Bryan Marsh". Id. at 25.  He contends that Justin Hill would have offered testimony that "he was an employee of Petitioner Lashinsky at his pressure washing business and was unaware of any illegal marijuana, or any other illegal drug activities involving Petitioner Lashinsky, e.g. specifically the use, manufacturing, sales, distribution, storage, etc."; [R. 183, p. 2].   This does not contradict the evidence at trial that officers observed Lashinsky moving into an apartment in Ft. Thomas, Kentucky.  They obtained and executed a search warrant on the apartment on September 27, 2005, where they found three large containers, weighing approximately ten pounds each, filled with marijuana. [R. 123 at 144-150; 156-164].  Following Lashinsky's arrest, officers obtained and executed a search warrant for Lashinsky's residence. [R. 123 at 176-185].  Officers located $1,430 in hidden currency, and a handgun.

Aside from the conclusory allegation that counsel failed to interview these witnesses, the record does not support the premise that no attempts were made to secure these witnesses' presence.  In fact, trial transcripts suggest that efforts were made to serve Hill with a subpoena and neither party had a valid address for Harris. [R. 125 at 641, 724, 749].  Counsel is not ineffective if reasonable efforts to locate identified witnesses are made. Denton v. Ricketts, 791 F.2d 824 (10th Cir. 1986) (Tenth Circuit held that counsel who made reasonable efforts to locate witnesses identified by the defendant, including twice traveling to the place defendant told him they could be found and requesting the government's assistance in locating the witnesses, did not render deficient assistance).  Accordingly, Lashinsky fails to demonstrate that counsel's pretrial investigation of potential witnesses was unreasonable or otherwise deficient.  Therefore, he is not entitled to relief based on these claims.

### 3) Counsel was not ineffective for failing to file a suppression motion.

In his petition, Lashinsky states that defense counsel was ineffective for failing to file a suppression motion regarding the firearm seized from a vehicle. [R. 169-1 at 26]. Lashinsky fails, however, to provide a basis for the suppression motion or suggest how the failure to file a suppression motion was prejudicial. In reviewing ineffective assistance of counsel claims, "tactical decisions are not ineffective assistance of counsel simply because in retrospect better tactics may have been available." Millender v. Adams, 187 F.Supp.2d 852, 872 (E.D. Mich. 2002). Moreover, defense counsel has stated in his affidavit to this Court that after spending numerous hours reviewing discovery and evidence and using his best judgment, he decided there were no grounds for a suppression motion. [R. 174-1 at 2]. The simple fact that Lashinsky was acquitted of the firearm charge during trial is not enough to amount to ineffective assistance of counsel for failing to file a suppression motion. Therefore, relief will be denied on this ground.

### 4) Counsel properly raised defenses during Lashinsky's trial.

The Sixth Amendment constitutionalizes the right in an adversary criminal trial to present a defense. Faretta v. California, 422 U.S. 806, 818 (1975). To establish ineffective assistance of counsel based on a disagreement with counsel's defense strategy, the defendant must demonstrate that he actually objected to the point that his "will was overborne by counsel." Dean v. Superintendent, Clinton Correctional Facility, 93 F.3d 58, 62 (2d. Cir. 1996). In his petition for relief, Lashinsky argues that counsel failed to properly provide him with a defense during trial and alleges that a venue defense should have been raised. [R. 169-1 at 26-27]. Lashinsky does not provide a basis for his venue argument, nor does he provide an allegation of a deficient or prejudicial performance by counsel. Lashinsky also does not allege that he objected to the presentation of the defense counsel presented at trial. Moreover, the record does not support the

notion that Lashinsky was not provided a strong defense. Defense counsel obtained multiple subpoenas for witnesses who offered testimony on behalf of Lashinsky, and made a strong closing argument. [R. 125]. Counsel was also successful in gaining an acquittal on the charge of possession of a firearm by a convicted felon. [R. 95 at 2]. Therefore, this Court does not find counsel's performance at trial to be deficient or prejudicial.

      c. <u>The District Court did not commit plain error at sentencing.</u>

Lashinsky alleges that the sentencing judge committed plain error by treating the U.S. sentencing guideline range as mandatory rather than advisory, in violation of <u>U.S. v. Booker</u>, 125 S. Ct. 748 (2005). This argument was raised on appeal and rejected. [R. 162]. It is well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law. *See* <u>Oliver v. United States</u>, 90 F.3d 177, 180 (6th Cir.1996); *See also* <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>Jones v. United States</u>, 178 F.3d 790, 796 (6th Cir. 1999). It is important to note at the outset that there has been no intervening change in law. Moreover, an error in the application of the Sentencing Guidelines does not warrant collateral relief under § 2255, absent a complete miscarriage of justice. <u>Grant v. United States</u>, 72 F.3d 503, 506 (6th Cir. 1996). Lashinsky's claim falls short of exhibiting exceptional circumstances or indicating a complete miscarriage of justice. Accordingly, the Court finds no reason to allow Lashinsky to relitigate his claim.

      d. <u>The trial court did not err during jury selection.</u>

In his petition for relief, Lashinsky raises the argument for the first time that the trial court made improper comments during jury selection regarding his decision to go to trial. [R. 169-1 at 32]. The United States has properly raised the argument that this claim is procedurally

10

barred from consideration. [R. 174 at 16-18]. Claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either: 1) cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation; or 2) actual innocence. Massaro v. United States, 538 U.S. 500, 504 (2003). To show cause, the petitioner must point to, "some objective factor external to the defense that prohibited him from raising his claims on direct appeal." Murray v. Carrier, 477 U.S. 478 (1986). If the petitioner fails to show cause, it is unnecessary to determine if he was prejudiced by the alleged violation. Bousley v. United States, 523 U.S. 614, 622 (1998). An argument that was not previously raised on direct appeal can only be raised for the first time on collateral review when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage of justice. Reed v. Farley, 512 U.S. 339, 348 (1994). In this case, Lashinsky does not explain why this claim was not raised previously, does not state a claim of prejudice resulting from any comment made during voir dire, or allege actual innocence. Therefore, this claim is barred from habeas review.

      e. <u>Lashinsky's claims that the trial court improperly admitted evidence and that the sentencing judge failed to take into consideration his post-rehabilitation efforts were rejected by the Sixth Circuit Court of Appeals.</u>

Lashinsky raises two final grounds for relief in his petition. Lashinsky claims that the trial court improperly admitted evidence of flight and evidence of his prior convictions. [R. 169-1 at 33]. He also raises a claim that the sentencing judge failed to take into consideration his post-rehabilitation efforts during sentencing. [R. 169-1 at 35]. These arguments were raised on appeal and rejected. [R. 162]. A § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law. *See* Oliver v. United States, 90 F.3d 177, 180 (6th Cir.1996); *See*

11

*also* Davis v. United States, 417 U.S. 333, 345 (1974); Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999). The Sixth Circuit Court of appeals clearly addressed each of these claims on two separate occasions. [Rs. 131; 162]. Moreover, Lashinsky raises no claim of an intervening change in the law. Lashinsky's claims fall short of exhibiting exceptional circumstances and therefore cannot be relitigated.

III. CONCLUSION

This Court does not find grounds on which to grant the defendant habeas relief. The defendant was properly categorized as a career offender and was afforded effective assistance of counsel. Any other allegation raised in his petition was either raised previously on appeal or was procedurally barred from review. Therefore, the defendant may not be afforded relief on grounds claimed in his habeas petition. Having considered the matter fully, and for the reasons stated above,

IT IS RECOMMENDED that Defendant Mark Lashinsky's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Record No. 169] be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed August 5, 2014.



12