UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NO. 5-79-DLB-EBA
CIVIL ACTION NO. 13-7313-DLB-EBA

UNITED STATES OF AMERICA                                                      PLAINTIFF

vs.           **ORDER ADOPTING REPORT & RECOMMENDATION**

MARK LASHINSKY                                                                DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

### 1.   Introduction

This matter is before the Court on Defendant's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 169). Consistent with local practice, Defendant's motion was referred to Magistrate Judge Edward B. Atkins for preparation of a Report and Recommendation (R&R). After considering the arguments raised by Defendant, Magistrate Judge Atkins issued his R&R on August 5, 2014 (Doc. # 185), recommending that Defendant's motion be denied. Defendant filed timely objections on October 14, 2014 (Doc. # 188). The United States having filed no response to Defendant's objections, and the time to do so having now expired, this matter is ripe for the Court's review. For the reasons that follow, Defendant's objections are overruled, and the Magistrate Judge's R&R is adopted as the opinion of the Court.

### 2.   Magistrate Judge Atkins' R&R

In his R&R, Magistrate Judge Atkins made the following conclusions of law. First,

based on the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he held that the issue of Defendant's status as a career offender did not constitute an "element of a crime," and therefore did not require submission to the jury during trial. (Doc. # 185 at 5). Second, applying the two-pronged approach in *Strickland v. Washington*, 466 U.S. 668 (1984), he concluded that Defendant had not been deprived of effective assistance of counsel under the Sixth Amendment.[1] And third, with respect to Defendant's assertion that the trial court had made a prejudicial comment during jury selection, he noted that this argument was raised for the first time in Defendant's § 2255 motion, and was thus procedurally barred from habeas review. (*Id.* at 11).

Defendant's motion also seeks relief on grounds that the trial court improperly admitted evidence of his flight and prior convictions; failed to consider his post-rehabilitation efforts during sentencing; and committed plain error by treating the U.S. sentencing guidelines as mandatory rather than advisory. However, each one of these arguments had been raised and rejected on appeal to the Sixth Circuit. Pursuant to well-settled case law, and due to the absence of exceptional circumstances, Magistrate Judge Atkins found that Defendant could not use a § 2255 motion to relitigate any of these claims. (*Id.* at 10-12).

### 3.   Defendant's objections to the R&R

In objecting to the R&R, Defendant raises the following three arguments. First,

---

[1] In his § 2255 motion, Defendant's claim of ineffective assistance of counsel is based on four separate arguments: 1) counsel was ineffective during plea negotiations; 2) counsel failed to interview key witnesses; 3) counsel did not move to suppress a firearm that was found in a vehicle at Defendant's residence; and 4) counsel did not put forth a carefully prepared defense during Defendant's trial. (Doc. 169-1 at 23-27). With respect to all four of these arguments, the R&R clearly explains why Defendant has failed to establish that his attorney's conduct was either deficient or prejudicial. (Doc. # 185 at 6-10). In his objections to the R&R, Defendant only challenges this conclusion with respect to the latter three arguments.

relying on *United States v. Booker*, 543 U.S. 220 (2005), he reiterates his position that the trial court erred by treating the U.S. sentencing guidelines as mandatory rather than advisory. (Doc. # 188 at 7). Second, he continues to assert that he was denied effective assistance of counsel, noting again that his attorney failed to locate witnesses that were necessary to refute the government's accusations; chose not to file a motion to suppress a firearm that was seized from a vehicle located at his residence; and generally neglected to provide him with "a strong and carefully prepared defense." (*Id.* at 2, 14, 16). And third, with respect to his claim that the trial court made a prejudicial comment during voir dire, Defendant attempts to show cause for procedural default by arguing that his appellate counsel was ineffective for failing to raise this argument on direct appeal. (*Id.* at 17).

### 4.  Analysis

Pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections within fourteen days after being served with a copy of the Magistrate Judge's R&R. The district court will then "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* If a party is properly informed of the consequences of failing to file an objection, "the party waives subsequent review by the district court . . . [by failing] to file an objection." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).[2] The filing of vague, general or conclusory objections does not meet the specificity requirements and may be treated as a complete failure to file. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (citing *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)).

---

[2] Defendant was informed as such by Magistrate Judge Atkins' R&R. (Doc. # 185 at 12).

District courts in the Sixth Circuit have also held that, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004); *see also Holl v. Potter*, No. C-1-09- 618, 2011 WL 4337038, at *1 (S.D. Ohio. Sept. 15, 2011) (holding "objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived"). Such an "objection" fails to put the district court on notice of any potential errors in the Magistrate Judge's R&R. *VanDiver*, 304 F. Supp. 2d at 938.

Defendant's first two objections simply restate the same arguments that were raised in his § 2255 motion, and express general disagreement with Magistrate Judge Atkins' findings of fact and conclusions of law. By failing to identify any specific errors within the R&R, Defendant effectively asks this Court to reconsider issues that have already been properly adjudicated. As the Sixth Circuit has explained, "[this] duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Defendant's first two objections are therefore denied.

Defendant's third objection is also denied. While ineffective assistance of appellate counsel is possible grounds for cause, a petitioner must show that counsel's performance on appeal was constitutionally deficient. *Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993). Thus, Defendant is required to demonstrate that his lawyer's assistance (1) fell below an objective standard of reasonableness, and (2) deprived him of his right to a fair trial (or in this case, a fair appeal). *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Courts apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Moreover, in order to show prejudice, counsel's ineffectiveness must have "caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

In his objection, Defendant states that he "respectfully objects to [the R&R] due to the fact [that] blame for not raising this on direct appeal must be directed at appellate counsel and not [Defendant]. This is a classic example of 'cause and prejudice' and just another example of ineffective assistance of counsel." (Doc. # 188 at 18). He then concludes that "[t]his fundamental defect has unquestionably resulted in a gross miscarriage of justice." (*Id.*) Defendant does not explain why appellate counsel's performance was deficient, or how he was prejudiced as a result. Because his objection falls well short of the standard required by *Strickland*, Defendant has failed to establish cause sufficient to excuse his procedural default.

### 5. Conclusion

The Court agrees with the R&R in every respect. Defendant was properly categorized as a career offender and received effective assistance of counsel throughout this case. All other claims in his petition were either raised previously on appeal or procedurally barred from review. And for the reasons noted above, Defendant's objections fail to identify any errors in Magistrate Judge Atkins' well-reasoned analysis.

Accordingly,

**IT IS ORDERED AND ADJUDGED** as follows:

(1) Defendant's Objections (Doc. # 188) to the Magistrate Judge's R&R are hereby **OVERRULED**;

(2)     The Magistrate Judge's R&R (Doc. # 185) is hereby **ADOPTED** as the Findings of Fact and Conclusions of Law of the Court;

(3)     Defendant's Motion to Vacate, Set Aside or Correct Sentence (Doc. # 169) is hereby **DENIED**;

(4)     This matter is hereby **DISMISSED WITH PREJUDICE**, and stricken from the Court's docket;

(5)     For the reasons set forth herein and in the Magistrate Judge's R&R, the Court determines there would be no arguable merit for an appeal in this matter and, therefore, no certificate of appealability shall issue.

This 13th day of January, 2015.

Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\ORDERS\Covington Criminal\2005\05-79 Lashinsky Order Adopting R&R denying 2255.wpd